UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JODY MATHERNE                                CIVIL ACTION

VERSUS                                       NO. 13-6689

ARMOUR-ECKRICH MEATS, LLC,                   SECTION "C"
et al

ORDER AND REASONS

Before the Court is defendants' Motion to Strike Witnesses and Exhibits and plaintiff's *ex parte* Motion for Leave to File An Amended Witness List. Rec. Docs. 76, 90. Plaintiff opposes the Motion to Strike. Rec. Doc. 80 These motions are before the Court on the briefs and without oral argument. Having considered the memoranda of the parties, the record, and the applicable law, the Court hereby DENIES defendants' Motion to Strike, GRANTS plaintiff's Motion for Leave to File An Amended Witness List, and GRANTS defendants leave to move for a continuance of the trial date, if necessary.

In their Motion to Strike, defendants ask that the Court strike Butch Perry and Harold Chandler from plaintiff's witness list, exclude their testimony at trial, and also exclude any

1

documents received by plaintiff pursuant to a Freedom of Information Act (FOIA) request to the United States Department of Agriculture (USDA). Rec. Doc. 76-1 at 1. Defendants argue that plaintiff has not fulfilled the requirements of Federal Rule of Civil Procedure 26(a)(1) because plaintiff failed to identify Perry or Chandler in his initial disclosures and responses to defendants' interrogatories. *Id*. at 2.

Defendants cite to *Moore v. BASF Corp.*, Civ. A. 11-1001, 2012 WL 4344583 (E.D. La. Sept. 21, 2012) for support. In that case, the court opted to strike several witnesses who had been listed in defendants' witness list but not identified in defendants' initial disclosures. *Id*. The Court finds *Moore v. BASF Corp.* to be distinguishable from the situation here. In that case, Judge Vance commented that "[t]he Fifth Circuit has identified a continuance as the preferred means of dealing with a party's attempt to designate a witness out of time." *Id*. (Internal citations and quotations omitted). However, a continuance in that case was not possible because the plaintiff suffered failing health. Moreover, the defendants failed to explain the importance of the witnesses included in the witness list. *Id*. at *3. Here, there is no such obstacle to a continuance. Furthermore, plaintiff has set forth in his memorandum in opposition both the significance of Perry and Chandler as witnesses and the reasons they were not included in initial disclosures (they only became known to plaintiff through his subsequent investigation via FOIA requests and recent production from the Louisiana Department of Health and Hospital). Rec. Doc. 80 at 5-6. In addition, the Court declines to prospectively strike documents which may be disclosed through plaintiff's FOIA request, provided they are promptly provided to defendants by the close of discovery. Thus, defendants' Motion to Strike is DENIED.

Finally, plaintiff has recently informed the Court in its Motion for Leave to File an Amended Witness List that a new witness, Joshua Pilet, came forward on July 1, 2015 with

pertinent information regarding the termination of his employment with Armour-Eckrich Meats, L.L.C. (AEM) on May 29, 2015 as well as the circumstances of plaintiff's termination. Rec. Doc. 90-1 at 2-3. Plaintiff claims Mr. Pilet did not come forward earlier because he feared reprisal from Frank Jenkins and AEM prior to leaving his position at AEM. *Id*. at 4. The Court finds that plaintiff has shown good cause for modifying the scheduling order, satisfying the requirements of Federal Rule of Civil Procedure 16(b)(4). Plaintiff has (1) provided a satisfactory explanation for the failure to timely move for leave to amend; (2) shown that amending the witness list to include Mr. Pilet would provide important information relevant to plaintiff's case; (3) the potential prejudice is minimal since the Court will allow defendants to move for a continuance to depose Mr. Pilet and prepare their case accordingly, and (4) a continuance in this case is available. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Therefore, plaintiff's Motion for Leave to File an Amended Witness List is GRANTED.

Accordingly,

IT IS ORDERED that the Motion to Strike (Rec. Doc. 76) is DENIED; the *ex parte* Motion for Leave to File an Amended Witness List (Rec. Doc. 90) is GRANTED. Defendants may move for a continuance of the trial date and relevant deadlines if needed.

New Orleans, Louisiana this 21st day of July 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3